UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>-against-<br><br>Yeremy Josue Tarazona-Paez,<br><br>Defendant. | 1:25-mj-3259 (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

This Opinion and Order follows an identity hearing that was held pursuant to Rule 5(c)(3)(D)(ii) of the Federal Rules of Criminal Procedure. For the reasons set forth below, the Court finds that there is probable cause to believe that Defendant is the person named in the arrest warrant issued out of the U.S. District Court for the District of Nebraska, and it is hereby ORDERED that Defendant shall be transferred to the District of Nebraska for further proceedings.

## BACKGROUND

On August 19, 2025, an Indictment was filed in the District of Nebraska charging Yeremy Josue Tarazona-Paez with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; conspiracy to commit bank burglary[1] and fraud in connection with computers, in violation of 18 U.S.C. § 371; bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; bank burglary, in violation of 18 U.S.C. §§ 2113(a) and 2; and intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B) and 2. (Gov't 10/28/25 Ltr., ECF No. 6, at 1.)[2] An arrest warrant was issued on August 20, 2025. (Arrest Warrant, ECF No. 1, at PDF p. 3.)

---

[1] In connection with two of the crimes in the Indictment, the Government's October 28, 2025 Letter refers to "bank robbery" but the Indictment (which is filed under seal) refers to "bank burglary."

[2] A Superseding Indictment was filed under seal on Octboer 21, 2025.

On October 10, 2025, Defendant Yeremy Josue Tarazona-Paez ("Defendant") was arrested following a traffic stop and brought to Putnam County Jail. (*See* Rule 5(c)(3) Aff., ECF No. 1, ¶ 4(a); *see also* Def. 10/21/25 Ltr., ECF No. 5, at 1.) On October 11, 2025, FBI Special Agent Michael Gassert went to retrieve Defendant, believing him to be the individual subject to the August 20, 2025 warrant out of the District of Nebraska. (Def. 10/21/25 Ltr. at 1.) Later that day, Defendant was transported to this Court where he was processed and appeared before Magistrate Judge Stein. (*See id.* at 2.) At his presentment, Defendant requested that an identity hearing be held pursuant to Federal Rule of Criminal Procedure 5(c)(3). (*See id.*)

On October 17, 2025, the undersigned entered an Order scheduling the identity hearing for October 29, 2025. (10/17/25 Order, ECF No. 4.) In a letter to the Court dated October 21, 2025, Defendant requested that a suppression hearing be held in advance of the identity hearing in order to determine the scope of the evidence that the Government would be permitted to introduce. (*See* Def. 10/21/25 Ltr. at 1.) In that letter, Defendant argued that Defendant's traffic stop was unlawful and that the evidence obtained following the traffic stop was inadmissible as fruit of the poisonous tree. (*Id.* at 2.) By letter dated October 28, 2025, the Government responded, arguing that the Court should deny Defendant's request for a suppression hearing and transfer Defendant to the District of Nebraska. (*See* Gov't 10/28/25 Ltr. at 1, 6.) In a Memo Endorsement dated October 28, 2025, the Court reserved decision on Defendant's request for a suppression hearing and ruled that the identity hearing would proceed without limitation on the scope of the evidence that the Government may introduce. (Memo End., ECF No. 7.)

An identity hearing was held on October 29, 2025. (*See* 10/29/25 Hr'g Tr.[3]) On November 4, 2025, Defendant filed a reply letter in connection with his request for a suppression hearing. (Def. 11/4/25 Ltr., ECF No. 10.)

### **LEGAL STANDARDS**

Rule 5 of the Federal Rules of Criminal Procedure governs initial appearances upon an arrest. *See* Fed. R. Crim P. 5. Where, as here "the initial appearance occurs in a district other than where the offense was allegedly committed," the Magistrate Judge must, among other things, "transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant." Fed. R. Crim. P. 5(c)(3)(D)(i)-(ii). The sole purpose of an identity hearing "is to determine whether the person arrested is the person wanted in the other district." *United States v. Asencio*, No. 17-MJ-06190 (KHP), 2017 WL 4005636, at *2 (S.D.N.Y. Sept. 12, 2017).

Although "Rule 5 does not specify the standard to be applied to determine whether the defendant in an action is the same person named in the out-of-district indictment[,] . . . courts within the Second Circuit have held that a probable cause standard applies to determinations of identity in removal proceedings." *Asencio,* 2017 WL 4005636, at *2 (citing cases). The Government bears the burden of establishing probable cause. *See id.*

---

[3] The Court expects that a copy of the transcript from the identity hearing will be filed to the ECF docket shortly.

**DISCUSSION**

I. <u>**Whether This Court Should Hold A Suppression Hearing**</u>

The Court first addresses the issue of whether it should hold a suppression hearing. Defendant "does not dispute that numerous other courts have declined to expand the scope of identity hearings to include suppression motions." (Def. 11/4/05 Ltr. at 1.) The Court follows those courts and declines to hold a suppression hearing in this case, since such hearing is outside the scope of the Court's duties under Rule 5(c)(3). *See United States v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1134-35 (C.D. Cal. 2008) ("All federal courts have resisted the attempts by defendants in an identity/removal hearing to challenge the manner in which evidence against them was obtained."); *see also Asencio*, 2017 WL 4005636, at *5 ("substantive challenges to the underlying charges, including . . . constitutionally deficient identification procedures . . . should be addressed to the District Judge in the [district that issued the warrant]."); *U.S. v. Curi,* No. 10-CR-04108 (JSB), 2010 WL 5019088, at *2 (M.D. Tenn. Dec. 2, 2010) (identity hearing "limited to the matters contained in Rule 5(c)(3)(D)" and "constitutional or other substantive challenges to the arrest warrant or the indictment should be addressed to the trial court in the charging district after transfer").[4]

In the present case, any suppression challenge must be addressed to the District of Nebraska. Thus, the Court makes no findings as to suppression. In any event, as set forth below,

---

[4] In his reply letter, Defendant relies upon the Opinion in *Simmons v. Braun*, 627 F.2d 635, 636 (2d Cir. 1980), to argue in favor of the Court holding a suppression hearing. (*See* Def. 11/4/25 Ltr. at 1-2.) Defendant's reliance on *Simmons* is misplaced. *Simmons* involved an extradition hearing where the "Federal Rules of Criminal Procedure [were] not applicable" and, in any event, the Court declined to apply the exclusionary rule. *See Simmons*, 627 F.2d at 636. Here, the Federal Rules of Criminal Procedure do apply and Rule 5(c)(3) defines the limited scope of a magistrate judge's duties.

the Court finds that, even without the evidence Defendant seeks to suppress, there is probable cause to believe that Defendant is the person named in the arrest warrant.

**II.    Probable Cause That Defendant Is The Same Person Named In The Arrest Warrant**

At the identity hearing, the Government introduced into evidence four exhibits without objection. These exhibits included the arrest warrant (GX 101), a copy of the FBI report from Nebraska (GX 102), a photograph (GX 103), an enhanced image of the photograph in GX 103 (GX 104).[5] (*See* 10/29/25 Hr'g Tr. at 5-6.)

The arrest warrant identified the person sought as a Hispanic male named Yeremy Josue Tarazona-Paez, who was born in Venezuela on April 1, 2002. (Arrest Warrant at 2.) The Nebraska FBI report contained the same name (without a hyphen), along with photographs. (*See* GX 102.) Special Agent Gassert, who signed the 5(c)(3) Affidavit, testified at the hearing that he received the arrest warrant from an FBI agent in Nebraska who had been investigating an individual named Yeremy Josue Tarazona-Paez for the conduct alleged in the Indictment and that the Nebraska FBI agent had provided him with the photographs of that individual contained in the FBI report. (10/29/25 Hr'g Tr. at 12-14.) During his testimony, Special Agent Gassert identified Defendant, sitting in the courtroom, as the same person depicted in the photographs. (*Id*. at 14.) The Court's own observations during the hearing support this conclusion. *See Asencio*, 2017 WL 4005636, at *4 (observing that individual in courtroom bore "remarkable resemblance" to individual on

---

[5] In addition, the Government sought to introduce fingerprints of Defendant taken by the FBI following his arrest (GX 105) and fingerprints taken by the United States Marshals upon his arrival in federal custody (GX 106.) (*See* 10/29/25 Hr'g Tr. at 18-22.) Defendant objected to these exhibits on the ground that they were obtained only after the traffic stop and subsequent arrest, which Defendant avers were unlawful, and, thus, should be suppressed. (*See id.* at 4-5, 18-19, 21; *see also* Def. 10/21/25 Ltr. at 3.) The Court accepted the fingerprint exhibits subject to Defendant's objections. (10/29/25 Hr'g Tr. at 19, 21.)

driver's license wanted in other state). Thus, considering only GX 101 and GX 102, to which Defendant did not object, the Court finds that there is probable cause to believe that Defendant is the person named in the arrest warrant. [6] *Accord United States v. Valerio-Popoca*, No. 4:24-MJ-251-1, 2024 WL 2963798, at *1 (S.D. Tex. June 12, 2024) (finding probable cause that individual in courtroom was same person charged in indictment based on photographs and agent testimony). The identity of names is further evidence that Defendant is the same person named in the arrest warrant. *See Asencio*, 2017 WL 4005636, at *4 ("This identity of names alone creates a presumption of identity.").

## CONCLUSION

For the reasons set forth above, the Court finds that there is probable cause to believe that Defendant is the person named in the arrest warrant. Accordingly, it is hereby ORDERED that Defendant shall be transferred to the District of Nebraska for further proceedings.

**SO ORDERED.**

Dated:     New York, New York
             November 6, 2025

_____
STEWART D. AARON
United States Magistrate Judge

---

[6] GX 103 (to which no objection was lodged) provides further evidence to support the Court's finding. GX 103 is a photograph showing a time stamp of February 1, 2025 that Special Agent Gassert received from the Government's counsel, who had received the photograph from either the case agent or the prosecutor from Omaha, Nebraska. (10/29/25 Hr'g Tr. at 22-23.) The Court finds that the person depicted in the photograph in GX 103 is the same person depicted in the photographs that are contained in GX 102.